BRANDON J. HARRISON, Judge
Diane Pride appeals the Arkansas Board of Review's decision to deny her claim for unemployment benefits. The Board found that Pride's employer, Arkansas Children's Hospital, had followed its written attendance policy when it terminated her employment for excessive tardiness. Pride has numerous medical conditions, including diabetes, and she attributed some late arrivals to documented ill health. The Board found that "most of her instances of tardiness were the result of her illnesses," but Ark. Code Ann. § 11-10-514(a) (Supp. 2017) disqualified her for benefits because the hospital had a no-fault attendance policy.
Pride argues in her petition to this court that "my FMLA [Family Medical Leave Act] was approved and cured my tardiness." The record below shows that she pointedly raised the FMLA as her defense throughout the administrative hearing, which the hospital didn't attend. The hearing officer received as evidence "FMLA paperwork; two pages." The FMLA paperwork referenced by the hearing officer appears to be an employer-provided "certification of health care provider" from Pride's doctor. The certification states that Pride's medical conditions "may cause periodic work absences and tardiness." The hospital's attendance policy states in part that "[a]bsences or instances of lateness covered by employees' use of approved FMLA leave are not considered grounds for disciplinary action."
During the hearing, the officer also heard Pride say unequivocally that she *914 believed FMLA excused some of the tardiness. And she said, among other things, that at least two hospital employees had told her that some of her tardiness was protected by the FMLA. The Board, however, made no factual findings related to Pride's FMLA status. Nor did it attempt to explain why the federal law didn't insulate Pride from a section 11-10-514(a) disqualification in this case.
We remand this case to the Board and direct it to address Pride's FMLA-based argument. E.g. , Ark. Okla. Gas Corp. v. Dir., Ark. Emp't. Sec. Dep't , 80 Ark. App. 251, 258, 94 S.W.3d 366, 370 (2002) (remanded for a finding on job suitability); Wigton v. Dir., Dep't of Workforce Servs. , 2013 Ark. App. 67, 2013 WL 458062 (remanded for additional factual finding regarding post-FMLA absences).
Reversed and remanded.
Hixson and Murphy, JJ., agree.